EASTERN DIST.
*April*, 1835.

ABAT
*vs.*
NARTIGUE ET AL.

ABAT *vs.* NARTIGUE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Creditors for supplies of ship-chandlery, &c., furnished a vessel on her departure, loose their privilege on the vessel or her proceeds, for the amount of such supplies, if they suffer her to depart on a second voyage before enforcing their privileged claim.

Where there are several opposing claimants to the plaintiff, whose demands were severally and separately passed upon by the judgment of the inferior court, none of them can be heard on the appeal, but such as are actually appellants from the court *a qua*.

This is an action on a promissory note, payable to order, against the drawer and endorser, for one thousand one hundred dollars. The plaintiff obtained judgment, and on the 24th June, 1834, levied his execution on the schooner Emperor, belonging to the defendant Nartigue, which was sold by the sheriff, on the 19th August following, after complying with all the formalities of law, for the sum of two thousand, seven hundred dollars in cash, being two-thirds of her appraised value.

R. Layton & Co. obtained a provisional seizure on the 3d of July, while the vessel was in the hands of the sheriff, on which he claimed a privilege for the sum of five hundred and nineteen dollars seventy-three cents, being for supplies of ship-chandlery, from the 29th November, 1833, to the 10th February, 1834, when she sailed on a voyage to the West Indies, and for which a note was taken. The Orleans Insurance Company, also, made claim to three hundred and sixty-nine dollars fifty cents for premium of insurance, on the vessel valued at six thousand dollars, for six months, from the 6th February to the 6th August, 1834.

Several other claimants presented claims, and demanded to be paid by privilege or otherwise out of the proceeds of the vessel when she should be sold.

The district judge fixed a day for hearing the several claimants, and for classifying their claims according to law.

The evidence showed that the vessel traded to the West Indies, from the port of New-Orleans. That she cleared on the 8th February, 1834, and sailed about the 11th of the same month for Jamaica and returned. On the 25th April, following, she sailed again for Port-au-Prince, and returned to New-Orleans, the 23d June, and was seized on the 26th of the same month in this suit.

The judge *a quo* decided that the plaintiff having obtained a judgment, and recorded it, and actually seized the vessel before any of the claimants had a privilege, which nothing but a superior privilege could interfere with ; that Layton & Co. had lost their privilege, by suffering the vessel to depart on a second voyage ; and that the insurance company only were entitled to a privilege for the premium on the last voyage, for which they were allowed half their claim, or one hundred and eighty-four dollars seventy-five cents.

From so much of the judgment as dismissed the claim of R. Layton & Co., they alone appealed.

*Preston*, for the appellants, contended, that the claim of Layton & Co. was a privileged' one, which was not extinguished in regard to the schooner or its proceeds under seizure at the suit of the plaintiff. *Louisiana Code, article* 3202, *No.* 8. *Code of Practice*, 289.

2. This privilege is not prescribed against until the lapse of one year from the time the debt accrued. One year had not elapsed in this case.

3. No. 8, of the article of the Code giving this privilege, does not limit it to the last voyage. But the preceding numbers of this article do limit the privilege to the last voyage in express terms. Hence there is a distinction between them. The term voyage, in No. 8, is used twice, and merely as a word of description and not of limitation.

4. A privilege given by law cannot be limited by the court ; it exists until prescribed by law. " Privileges become extinct by prescription." *Louisiana Code, article* 3244.

5. The debt or claim for supplies for the construction or equipment of ships, is prescribed by one year. *Louisiana Code, article* 3499.

6. Layton & Co. claim a privilege over Abat, the seizing, but who is *common* creditor. The vessel had only been seized four days before Layton & Co. also seized for their privileged claim. It is believed the *express words* of the law give them a *privilege* over the plaintiff, which is not extinguished, and cannot be until the extinction of the debt.

*D. Seghers, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff in this case, having obtained a judgment against the defendants, for the sum of one thousand one hundred dollars, interest and costs, issued his execution thereon, which was levied on the schooner Emperor, the property of Nartigue, and sold for the net sum of two thousand three hundred dollars. While the schooner was under seizure, several claimants put in their claims for supplies furnished, and other advances made and expenses incurred on account of said vessel, and urged their pretentions and right to be paid by privilege over the seizing judgment creditor, out of the proceeds of the sale. Among these was Robert Layton & Co. for five hundred and five dollars seventy-three cents, for ship-chandlery furnished up to the 8th February, 1834; and fourteen dollars twelve cents for articles delivered on the 10th of the same month. Judgment was rendered rejecting their claims, from which Layton & Co. appealed.

The appellants complain of the decision of the district judge in disallowing them a privilege on the vessel, which they claim under the provisions of the *Louisiana Code, article* 3204, *No.* 8, *and Code of Practice, article* 289. The appellee admits that the privilege claimed, once existed on the vessel, but contends that the article of *Louisiana Code, cited* in its support, confines the existence of this privilege, to the end of the first voyage made after the supplies are furnished. That

in this case, the schooner made several voyages after the supplies were furnished, before the exhibition of the claims of the appellants.   He further contends that the *Code of Practice* regulates the manner in which privileged and other claims or rights, are to be enforced; but that the nature of those rights, and the period within which they exist.and afterwards ceased to exist, are ascertained and governed by the *Louisiana Code.*

The evidence in the cause shows, that the articles for which this privilege is claimed were delivered on or before the 8th or 10th of February, 1834, after which the vessel made two voyages to the West Indies, and back again to the port of New-Orleans, before she was seized.  She returned from the second voyage on the 23d of June, and was seized by the sheriff under and by virtue of the execution of the the plaintiff, on the 26th of the same month.

Layton & Co. had taken a note for the amount of their debts and made a provisional seizure of the vessel on the 3d of July, while she was in the hands of the sheriff, under the first seizure.

The article 3204, No. 8, recognises a privilege in sellers, those who have furnished materials or labor in the construction, *if the vessel has never made a voyage;* and creditors for supplies, &c., *previous to the departure of the ship if she has already made a voyage.*

The appellants must therefore show that they are entitled to the privilege claimed by them, under the second branch of this article, for it is clear they cannot come under the first.

The privilege is limited to the departure of the vessel on her first voyage, after the supplies are furnished in the one case, and by her departure on a second, after her return from the first voyage, in the other case.

In the first hypothesis, the privilege expired on the departure of the schooner for Jamaica, on the first voyage after the supplies were furnished; in the second, it expired on her departure for Port-au-Prince, because she had made a voyage since the supplies were furnished; hence the privilege must have been claimed before her departure for Port-au-Prince, on her second voyage since it attached, or it is lost.

Creditors for supplies of ship chandlery, &c., furnished a vessel on her departure, lose their privilege on the vessel or her proceeds, for the amount of such supplies, if they suffer her to depart on a second voyage before enforcing their privileged claim.

ABAT
vs.
NARTIGUE ET AL.

In neither hypothesis, therefore, can Layton & Co., the appellants in this case, exercise their privilege on the vessel or its proceeds.

The counsel for the appellants has invoked the *Code of Practice, article* 389, where the person who has furnished materials for a vessel is authorised in certain cases, when he sues the owner or captain, to demand the seizure of the vessel, to enforce his privilege, on making affidavit of certain facts. This article does not appear to us, to have any bearing on the present case. No owner or captain is sued here, and the Code of Practice in defining the manner in which the privilege is to be exercised, does not extend the period, which is limited by the Louisiana Code for the duration of its existence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, in regard to Layton & Co., be affirmed, with costs.

The New-Orleans Insurance Company, who were also claimants in the court below and only had their claim partially allowed, have prayed to have the judgment corrected and their whole claim allowed in this court.

They contend that they are in some degree parties to the appeal, because if the appellants had been relieved in this court, whatever had been allowed them, would have proportionally diminished the amount which the company obtained in the first instance; hence the company being a party to the appeal without being appellant must be considered as an appellee, and as such may require an amendment of the judgment in their favor.

*Where there are several opposing claimants to the plaintiff, whose demands were severally and separately passed upon by the judgment of the inferior court, none of them can be heard on the appeal but such as are actually appellants from the court a qua.*

It appears to the court, that what is here asked by the insurance company cannot be accorded to them. The case shows that there are several claimants, whose demands were passed upon in the court below, besides the appellants and the insurance company. They would all be affected if the judgment be amended in favor of the company. It therefore follows, that the latter can only obtain relief contradictorily with these several claimants.

The appellants are without interest and cannot oppose the pretensions of the insurance company, should they be heard on this appeal. Their privilege has been denied here, and the plaintiff and appellee has been cited to answer the appeal of the appellants only.

EASTERN DIST.
*April*, 1835.

The pretensions of the insurance company, therefore, to obtain relief on this appeal, cannot be heard.